IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON PAUL SCHAEFER,

        Plaintiff,

v.

COLUMBIA COUNTY, et al.,

        Defendant.

Case No. 3:18-cv-01145-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, an inmate at the Federal Detention Center in Sheridan, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, the Court summarily dismisses Defendants Columbia County, Levi Raethke, and Deputy Marquette where Plaintiff fails to state any valid claims against them. *See* 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that that Defendants retaliated against him in a variety of ways, refused to provide grievances to him, and subjected him to emotional suffering when Plaintiff witnessed excessive force utilized against another inmate. He seeks monetary and injunctive relief.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in

2 - ORDER TO DISMISS

support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

Plaintiff makes various allegations against Defendants Neifert, Trask, Townsend, Bonds, and Weaver that appear to state valid claims for pleading purposes. However, his only claims as to Defendants Roethke and Marquette pertain to an incident whereby those two Defendants allegedly used excessive force against another inmate. Although Plaintiff seeks relief in this case based upon that episode due to the emotional injury he suffered, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Accordingly, Defendants Roethke and Marquette are summarily dismissed from this case.

Plaintiff also brings suit against Columbia County, but he makes no specific allegations against this Defendant. Instead,

it appears Plaintiff includes Columbia County as a party under a respondeat superior theory of liability. Where there is no respondeat superior liability in 42 U.S.C. § 1983 actions, and Plaintiff makes no allegations of municipal liability, Columbia County is also dismissed on the basis that Plaintiff fails to state a claim against it upon which relief may be granted.

**CONCLUSION**

Based on the foregoing, the Court summarily dismisses Defendants Columbia County, Roethke, and Marquette. The case may proceed as to Defendants Neifert, Trask, Townsend, Bonds, and Weaver. The Clerk is directed to include a copy of this Order with the Request for Waiver of Service of Summons addressed to Columbia County Counsel that the Court also issues this day.

IT IS SO ORDERED.

DATED this 17th day of October, 2018.

Michael H. Simon
United States District Judge